# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KIRBY THOMAS (#438620)**                          **CIVIL ACTION NO.**

**VERSUS**                                                          **19-488-JWD-EWD**

**RICKY L. BABIN**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 21, 2019.

                                                 **ERIN WILDER-DOOMES**
                                                 **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KIRBY THOMAS (#438620)**                                   **CIVIL ACTION NO.**

**VERSUS**                                                                **19-488-JWD-EWD**

**RICKY L. BABIN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Kirby Thomas ("Plaintiff"), instituted this action pursuant to 42 U.S.C. § 1983 against Ricky L. Babin ("Babin"), alleging Plaintiff lost his job as a result of an "invalid felony" charge brought by Babin.[1] Plaintiff states that he was "arrested and charged (not officially) with 6th offense D.W.I. (felony)" when he should have been charged with second offense D.W.I.[2] Plaintiff contends he informed Babin that the charge was incorrect, but the matter pended from 2015 through 2018, when, according to Plaintiff, it was ultimately dismissed.[3] As a result of the pending "invalid charge," Plaintiff avers he lost his job because his license was suspended and he was unable to commute to work. Plaintiff seeks monetary relief.[4]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal[5] and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Docs. 1 & 1-1.
[2] R. Doc. 1-1, p. 1.
[3] R. Doc. 1-1, p. 1.
[4] R. Doc. 1, p. 6.
[5] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). § 1915(e) provides a procedural mechanism for dismissal of those lawsuits by prisoners against a governmental entity or employee or officer of a governmental entity. that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[9] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[10]

Pursuant to the doctrine of absolute prosecutorial immunity, a district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his or her role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court.[11] The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed."[12] A prosecutor's immunity applies to his or her actions in initiating prosecution, in carrying the case through the judicial process, and to those actions that are "intimately associated with the judicial phase of the criminal process."[13] "A prosecutor's absolute immunity will not be stripped because

---

pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on July 29, 2019. (R. Doc. 4).

[6] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[10] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[11] *See Kalina v. Fletcher,* 522 U.S. 118, 125–26 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir. 1997).
[12] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993).
[13] *Esteves*, 106 F.3d at 677, *quoting Imbler*, 424 U.S. at 430-31.

of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[14]

Plaintiff's complaints regarding Babin are squarely based on Babin's prosecution of Plaintiff for sixth offense, rather than second offense, D.W.I. According to Plaintiff, he should have only been charged with a second offense "D.W.I." because his other prior offenses had been dismissed. Taking this allegation as true, Plaintiff's claim lacks merit because, at most, Babin erred in charging Plaintiff with sixth, rather than second, offense "D.W.I." Mere error does not strip a prosecutor of immunity.[15]

To the extent Plaintiff attempts to state a claim for malicious prosecution, the Fifth Circuit has held that "no … freestanding constitutional right to be free from malicious prosecution exists."[16] Rather, a claimant must allege that officials violated specific constitutional rights in connection with malicious prosecution.[17] Plaintiff has not alleged that he was wrongfully arrested or charged for "D.W.I.;" he only protests the grade of the offense for which he was charged. Accordingly, Plaintiff has not stated facts from which this Court could infer a violation of the Fourth Amendment right to be free from unlawful seizure,[18] or any other constitutional violation.

Insofar as Plaintiff seeks to invoke this Court's supplemental jurisdiction on the basis that Babin's actions constituted malicious prosecution, negligence, and/or unlawful conduct, this Court should decline to exercise such supplemental jurisdiction. A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law,

---

[14] *Labry v. Mamoulides,* 248 F.3d 1142, *1 (5th Cir. 2001) *citing Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999). In *Kerr*, the court noted "how difficult it is to find that a prosecutor acted 'clearly outside' of his authority," relying on the case of *Bauers v. Heisel*, 361 F.2d 581 (3rd Cir. 1966). In *Bauers*, a court found that a prosecutor, who prosecuted an individual under eighteen years old at the time of the offense, which was not permitted by statute, was not clearly outside his jurisdiction.
[15] *Id.*
[16] *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)
[17] *Id*.
[18] *See Manuel v. City of Joliet, Illinois*, 137 S.Ct. 911 (2017). The Court also does not suggest that such a claim would be viable under the circumstances presented herein.

3

if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[19] In the instant case, since Plaintiff has failed to state a cognizable federal claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, Plaintiff's action should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[20]

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction relative to Plaintiff's potential state law claims.

**IT IS FURTHER RECOMMENDED** that, if this recommendation is adopted, Plaintiff's pending Motion for Appointment Counsel[21] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] 28 U.S.C. § 1367.
[20] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
[21] R. Doc. 3.

4